Shields, Justice, delivered the opinion of the court: (1) This was an action of assumpsit, instituted in the Tazewell circuit court by the appellee against the appellant. The declaration contains two special counts founded on two promissory notes, and also the common money counts. To this declarations the defendant below interposed five pleas. Issues were joined on the first and fifth, and demurrers interposed to the second, third, and fourth pleas. The court sustained these demurrers. The defendant thereupon, by leave of the court, filed two amended pleas to the first and second counts of the declaration. To these amended pleas the plaintiff also demurred, and the court sustained the demurrer. The defendant thereupon withdrew the first and fifth pleas, upon which issues had be.en joined, and consented that the court should assess the damages. The court assessed the plaintiff’s damages, and rendered judgment against the defendant for the sum of $46 and costs. To reverse the judgment, the defendant prosecutes his appeal to this court, and assigns for error: 1. That the circuit court sustained the demurrer to the amended pleas; 2. That the circuit court assessed damages against the defendant ; 3. That the circuit court rendered judgment against the defendant, whereas judgment should have been rendered in his favor. From the whole record we think it but just to infer, that in withdrawing the pleas and in consenting that the court might assess the damages, the defendant simply intended to abide by his amended pleas, and merely consented that the court should assess the damages on demurrer. This view of the case renders it necessary to enquire whether the court erred in sustaining the demurrer to the pleas. The first amended plea avers, in substance, that at the time of making the said notes in the declaration mentioned, the plaintiff executed and delivered a title bond to the defendant, conditioned to convey, by good warranty deed, certain tracts of land therein mentioned, on or before the 25th day of Decern- [*550] ber, 1839, which bond was given in consideration for said notes. The plea further avers that the said plaintiff did not, on or before the 25th day of December, 1839, nor at the time the said notes became due, nor at any time before the institution of this suit, make and tender to the said defendant, a good warranty deed to said land. Both notes became due and payable on days subsequent to the day on which the said conveyance was to be made by the plaintiff. The notes and bond constitute one agreement; and by the agreement the plaintiff'was to perform the first act; a conveyance was to precede the payment of the notes. The plea shows that he neither conveyed or tendered a conveyance, according to his agreement; it is therefore a bar to his recovery in this action. This question was decided in the case of Duncan et al. v. Charles, a manuscript decision made at the present term of this court. Post. 561. It is unnecessary to notice the second plea. The judgment is therefore reversed with costs, and the cause remanded. Judgment reversed. Wilson, Chief Justice, did not hear the argument in this cause, and gave no opinion, and Thomas, Justice, having been of counsel, also, gave no opinion.